IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHLEEN M. AH QUIN, ) | Civ. No. 08-00507 BMK |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANT |
| ) | COUNTY OF KAUAI |
| vs. ) | DEPARTMENT OF |
| ) | TRANSPORTATION'S MOTION |
| COUNTY OF KAUAI ) | FOR SUMMARY JUDGMENT |
| DEPARTMENT OF ) | |
| TRANSPORTATION, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER GRANTING DEFENDANT COUNTY OF KAUAI DEPARTMENT OF
TRANSPORTATION'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant County of Kauai Department of Transportation's Motion For Summary Judgment. The Court heard this Motion on March 22, 2010. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, Defendant's Motion is GRANTED.

FACTUAL BACKGROUND

Plaintiff Kathleen Ah Quin filed this lawsuit on November 10, 2008. (Doc. 1.) In her initial disclosures filed on January 20, 2009, Ah Quin stated her computation of damages as follows:

    lost wages:         undetermined at this time
    professional fees/costs (to date):  $3,872.77
    Emotional distress damages:   $800,000.00

(Ex. E at 14.)  In response to Defendant's interrogatories, Ah Quin stated that the monetary value of damages in this lawsuit is "6 million dollars for every discrimination act against me."  (Ex. D at 3.)

   On April 4, 2009, while this case was pending, Ah Quin filed for Chapter 7 voluntary bankruptcy.  (Ex. E at 1.)  In her Statement of Financial Affairs that was submitted to the bankruptcy court, Ah Quin was asked to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case."  (Ex. F at Statement of Financial Affairs.)  Instead of disclosing this pending lawsuit, Ah Quin checked the box indicating she had "none."  (Id.)  She also checked "none" when asked to list all "contingent or unliquidated claims of every nature."  (Ex. F at Schedule B.)  On Schedule F, entitled "Creditors Holding Unsecured Nonpriority Claims," Ah Quin listed her attorney in this case as a creditor for "Consultation Fees" incurred in "2008" in the amount of $5,000.  (Ex. F at Schedule F.)  Ah Quin submitted these documents after signing them, attesting that the information she disclosed in her Schedules were "true and correct to the best of my knowledge."  (Ex. F at Declaration Concerning Debtor's Schedules.)

At the May 6, 2009 meeting of the creditors, Ah Quin testified under oath that she disclosed all of her assets at the time she filed for bankruptcy. (Ex. I at 3.) She also stated that the information on her Statement of Financial Affairs was "true and correct." (Id.) After Ah Quin explained that she filed for bankruptcy because her husband lost his job "due to workplace violence," she explained that her husband had a claim for wrongful termination. (Id. at 4-5.) During this line of questioning, Ah Quin was specifically asked if she had any claims herself, to which she responded: "No. No." (Id. at 5-6.)

On September 1, 2009, the bankruptcy court discharged $78,687 worth of claims against Ah Quin. (Concise Statement ¶ 21; Ex. E at 4.)

At the December 21, 2009 settlement conference in this case, Ah Quin's counsel notified defense counsel for the first time that Ah Quin had filed for bankruptcy and that it had been discharged. (Sagum Decl'n ¶11.) On January 12, 2010, Ah Quin's bankruptcy attorney sent a letter to this Court, explaining that Ah Quin "did not inform my office of the lawsuit before you against the County of Kauai at the time of preparing to file for bankruptcy relief." (Ex. H at 1.) In light of the instant lawsuit, that attorney moved to reopen the bankruptcy case and set aside the discharge. (Id.)

On February 10, 2010, Defendant filed the instant motion for summary judgment, arguing that Ah Quin should be judicially estopped from pursuing this lawsuit for failure to disclose it in the bankruptcy proceedings.

## STANDARD OF REVIEW

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law. See Fed. R. Civ. P. 56(c). In assessing whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223, 1228 (9th Cir. 2000).

In deciding a motion for summary judgment, the court's function is not to try issues of fact, but rather, it is only to determine whether there are issues to be tried. Anderson, 477 U.S. at 249. If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

## DISCUSSION

The County asks this court to judicially estop Ah Quin from pursuing the claims in this case due to her failure to disclose this lawsuit in the bankruptcy proceedings. In response, Ah Quin argues that her failure to disclose was not done "knowingly."

Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). Judicial estoppel is invoked "because of 'general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" Id.

"In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." Id. at 783. Indeed, under the bankruptcy statutes, a "debtor shall file a list of creditors; . . . a schedule of assets and liabilities; a schedule of current income and expenditures; [and] a statement of the debtor's financial affairs." 11 U.S.C. § 521(a)(1) (omitting section numbers); see also Fed. R. Bank. P. 1007(b)(1) (debtor must file schedule of assets

and liabilities and a statement of financial affairs); Fed. R. Bank. P. 1009(a) (schedules may be amended as a matter of course before the case is closed); 11 U.S.C. § 1125(b) (debtor must provide claimants with a disclosure statement containing "adequate information").  "The Bankruptcy Code and Rules 'impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, <u>including contingent and unliquidated claims</u>.'" <u>Hamilton</u>, 270 F.3d at 785 (emphasis in original).  The debtor's duty to disclose potential claims as assets "does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding."  <u>Id.</u>

The Ninth Circuit "agreed completely" with the Fifth Circuit's discussion of "the essence of judicial estoppel in this bankruptcy context":

> The rationale for decisions invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy is that the <u>integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets</u>.  The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding.  <u>The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete.</u>

Id. (quoting In re Coastal Plains, Inc., 179 F.3d 197, 208 (5th Cir. 1999)) (ellipses points and brackets omitted) (emphases in original).

In at least two published cases,[1] the Ninth Circuit judicially estopped debtors from pursuing civil lawsuits that were not disclosed in bankruptcy proceedings.  In Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 556 (9th Cir. 1992), the debtor filed for Chapter 11 reorganization.  Four months prior to the close of the bankruptcy case, the debtor learned of facts that led to the discovery of potential claims against the defendant.  Id. at 557.  Several months after the bankruptcy case closed, the debtor filed a lawsuit against the defendant.  Id. at 556.  The Ninth Circuit affirmed the district court's application of judicial estoppel, noting that although "all facts were not known to [the debtor during the bankruptcy proceeding], . . . enough was known to require notification of the existence of the asset to the bankruptcy court."  Id. at 557 (emphasis in original).

---

[1] The Ninth Circuit also applied judicial estoppel in several unpublished opinions.  See, e.g., Laisure-Radke v. Barr Laboratories, Inc., Nos. 07-35443, 07-35495, 2009 WL 424728 (9th Cir. Feb. 20, 2009) (applying judicial estoppel where the debtor failed to disclose her claims in bankruptcy court, obtained a discharge based on the failure to disclose, and later moved to reopen her bankruptcy proceedings); Rose v. Beverly Health & Rehabilitation Serv., Inc., No. 07-15039, 2008 WL 4428507 (9th Cir. Sept. 24, 2008) (applying judicial estoppel where the debtor failed to disclose her claims in bankruptcy court, obtained a discharge, later moved to reopen the bankruptcy proceedings and "claimed subjective ignorance of the disclosure requirements").

The Ninth Circuit therefore held that "[f]ailure to give the required notice estops [the debtor] and justifies the grant of summary judgment to the defendants." Id.

In Hamilton, 270 F.3d at 780, the debtor, Lawrence Hamilton, filed an insurance claim with his homeowner insurer, State Farm, after his house was damaged by a flood. Hamilton thereafter filed for Chapter 7 bankruptcy, and State Farm denied the insurance claim a few days later. Id. at 781. In the bankruptcy proceedings, Hamilton failed to list his insurance claim as an asset. Id. When he later filed suit against State Farm, the district court ruled that the "claim was barred by the doctrine of judicial estoppel because Hamilton took contradictory positions by first failing to amend his bankruptcy schedules to include his insurance claim . . . and then persisting in his attempts to recover on the claims against State Farm." The Ninth Circuit affirmed, reasoning:

> Hamilton's failure to list his claims against State Farm as assets on his bankruptcy schedules deceived the bankruptcy court and Hamilton's creditors, who relied on the schedules to determine what action, if any, they would take in the matter. Hamilton did enjoy the benefit of both an automatic stay and a discharge of debt in his Chapter 7 bankruptcy proceeding. However, it is his failure to disclose assets on his bankruptcy schedules that provides the most compelling reason to bar him from prosecuting claims against State Farm.

Id. at 785 (citation omitted).

In the present case, Ah Quin filed this lawsuit on November 10, 2008. (Doc. 1.) By the time she filed for bankruptcy, Ah Quin computed her damages in this case to be in excess of $800,000. (Ex. E at 14.) She later stated that her damages in this lawsuit is "6 million dollars for every discrimination act against me." (Ex. D at 3.)

When Ah Quin filed for bankruptcy, she failed to disclose this lawsuit and incorrectly stated on the Statement of Financial Affairs that she had no "suits and administrative proceedings to which [she] was a party within one year immediately preceding the filing of this bankruptcy case." (Ex. F at Statement of Financial Affairs.) When she was asked at the May 2009 meeting of creditors whether she had any claims, she expressly stated, "No." (Ex. I at 5-6.) Ah Quin admits that she failed to disclose this lawsuit in the bankruptcy proceedings. (Ah Quin Decl'n ¶ 5 ("It is true that I did not disclose the existence of my civil lawsuit against Defendant as an asset in my bankruptcy proceeding until after my bankruptcy closed . . . and was later reopened.")) Such failure bars Ah Quin from pursuing the claims in this case. Hamilton, 270 F.3d at 783 ("a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements"); Hay, 978

F.2d at 557 ("Failure to give the required notice [of a potential lawsuit] estops [the debtor] and justifies the grant of summary judgment to the defendants.").

Ah Quin argues, however, that "she did not 'knowingly' fail to disclose her civil lawsuit in her bankruptcy proceeding." (Opp. at 4.) She explains why she did not disclose this lawsuit as follows:

> It is true that I did not disclose the existence of my civil lawsuit against Defendant as an asset in my bankruptcy proceeding until after my bankruptcy closed . . . and was later reopened on January 13, 2010. The reason is that I did not understand that I was required to disclose my civil lawsuit in my bankruptcy proceedings, I could not understand the wording contained in the bankruptcy paperwork I signed, the wording contained in the bankruptcy paperwork was "vague", and I answered as I did during the bankruptcy proceeding on May 6, 2009 because the questions put to me were also "vague."

(Ah Quin Decl'n ¶ 5.)

The Tenth Circuit addressed this issue – whether a debtor's failure to disclose "based on inadvertence or mistake" precludes judicial estoppel – in Eastman v. Union Pac. R.R. Co., 493 F.3d 1151, 1157 (10th Cir. 2007). That court noted that "it may be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." (Emphasis in original.) The court stated that the failure to disclose is inadvertent or mistaken

"only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Id.

Here, Ah Quin's failure to disclose was not inadvertent or mistaken. Because this lawsuit, which Ah Quin believes to be worth more than $6 million, was pending before she filed for bankruptcy, Ah Quin did not "lack[] knowledge of the undisclosed claims." Id.  As noted by the Tenth Circuit, "[i]t is impossible to believe that such a sizable claim could have been overlooked when [Ah Quin] was filling in the bankruptcy schedules." Id. at 1159.  With respect to motive, the Court finds that Ah Quin, like the debtor in Eastman, had motive to conceal this lawsuit for the same reasons identified in Eastman:

> [The debtor] had motive to sweep his personal injury action "under the rug" so he could obtain a discharge free and clear of his creditors.  The ever present motive to conceal legal claims and reap the financial rewards undoubtedly is why so many of the cases applying judicial estoppel involve debtors-turned-plaintiffs who have failed to disclose such claims in bankruptcy.  The doctrine of judicial estoppel serves to offset such motive, inducing debtors to be completely truthful in their bankruptcy disclosures.  We think [the debtor's] case is indistinguishable from the overwhelming majority of cases where debtors, who have failed to disclose legal claims to the bankruptcy court without credible evidence of why they did so, have been judicially estopped from pursuing such claims subsequent to discharge.  A large portion of debtors who file for chapter 7 bankruptcy surely are as "unsophisticated" and "unschooled" as [the debtor], yet have little difficulty fully disclosing their

> financial condition to the bankruptcy court. [The debtor's] assertion that he simply did not know better . . . is insufficient to withstand application of the doctrine.

Id. at 1159.

In sum, Ah Quin's failure to disclose this lawsuit during the bankruptcy proceedings was not based on mere inadvertence or mistake. Eastman, 493 F.3d at 1157. Further, although Ah Quin listed her attorney in this case as a creditor, she merely listed a $5,000 claim for consultation fees accrued in 2008; Ah Quin made no mention of this lawsuit. (Ex. F at Schedule F.) Therefore, her failure to disclose the existence of this case warrants the application of judicial estoppel. Hamilton, 270 F.3d at 783. Accordingly, Ah Quin is judicially estopped from pursuing the claims against Defendant in this case and summary judgment is granted in Defendant's favor.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment. The Clerk of Court is directed to enter judgment in Defendant's favor and to close this case.

      DATED:  Honolulu, Hawaii, April 1, 2010.

      IT IS SO ORDERED.



      /S/ Barry M. Kurren
      Barry M. Kurren
      United States Magistrate Judge

<u>Kathleen M. Ah Quin v. County of Kauai Department of Transportation</u>, Civ. No. 08-00507 BMK; ORDER GRANTING DEFENDANT COUNTY OF KAUAI DEPARTMENT OF TRANSPORTATION'S MOTION FOR SUMMARY JUDGMENT.